OPINION
{¶ 1} This matter is before the Court on the notice of appeal of defendant-appellants William Yates ("Yates") and Signature Properties, filed on January 29, 2007. This appeal arises from the denial of a motion to file objection's to the magistrate's decision out of time.
 {¶ 2} Appellees, Sharla Robertson ("Robertson") and Jason Moon ("Moon"), lived as *Page 2 
tenants at 3 0 Skyview Drive, in Vandalia, Ohio. At all relevant times their landlords were Yates and Signature Properties. On June 30, 2006, appellees filed an application to deposit rent with the clerk in the Vandalia Municipal Court due to a dispute with their landlord regarding various repairs. On July 21, 2006, appellants filed a motion to release escrowed rent payments, and a hearing was subsequently held on the matter. On October 24, 2006, a magistrate's decision was entered against appellants. Pursuant to Civ. R. 53(D)(3)(b)(i), appellants would have until November 7, 2006, to file any objections with the trial court. That particular date was Election Day, and the court closed early in order to provide its employees an opportunity to vote. Appellants' counsel, unaware of this early closing, attempted that day to file the objections.
 {¶ 3} On November 8, 2006, counsel attempted to file the objections along with a motion to file objections out of time, which was denied. The magistrate's decision was subsequently adopted by the trial court. It is from the denial of the motion to file objections out of time that this appeal arises.
 I {¶ 4} Appellants' Sole Assignment of Error is as follows:
 {¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION TO FILE OBJECTIONS OUT OF TIME."
 {¶ 6} Appellants argue that the trial court abused its discretion by denying their motion to file objections out of time. Appellants contend that November 8, 2006, should have been the deadline for filing objections due to the court's early closure on the preceding day. We agree with appellants' contention for the following reasons. *Page 3 
 {¶ 7} Civ. R. 6(A) sets forth the requirements for determining filing deadlines. It states in pertinent part:
 {¶ 8} "* * * When a public office in which an act, required by law, rule, or order of court, is to be performed is closed to the public for the entire day which constitutes the last day for doing such an act,or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Saturday, a Sunday or a legal holiday." (Emphasis added.)
 {¶ 9} Pursuant to Civ. R. 53, by standard calculation, appellant would have until November 7, 2006, to file objections to the magistrate's decision. It is undisputed that the trial court closed early that day because it was Election Day. According to Civ. R. 6(A), due to the court's early closure that day, appellants' objections would be timely if filed the next succeeding day. Appellants did in fact seek to file their objections on November 8, 2006, along with a motion to file objections out of time. Since these objections would have been timely in the first instance, the court clearly erred by its refusal to allow their filing. Accordingly, we remand this matter back to the trial court with instructions to allow appellants to file their objections to the magistrate's decision.
 {¶ 10} Appellants' sole assignment of error is sustained.
 II {¶ 11} Appellants' sole assignment of error having been sustained, the decision of the trial court is reversed, and this matter is remanded and the court instructed to proceed in accordance with law and consistent with this opinion. *Page 4 
 FAIN, J. and GRADY, J., concur. *Page 1